SUTRO v. RUBBER TRADING CO.

(Supreme Court, Appellate Term, First Department.    October 11, 1915.)

1. DISCOVERY &⇒41—EXAMINATION OF PARTY BEFORE TRIAL—SUBJECT-MATTER.

 In an action to recover damages for a delayed delivery of rubber, "November (1914) shipment from Brazil," defended on the ground that it was a custom of the trade that such shipments might be made via London, and that the war had delayed the shipment, plaintiff was not entitled to examine defendant before trial as to the amount which defendant had on hand in New York during December, 1914, and January, 1915, or as to the time, manner, and route of the shipment; such examination being really an anticipatory cross-examination.

 [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. &⇒41.]

2. DISCOVERY &⇒36—GROUNDS—PREPARATION FOR TRIAL.

 An examination of defendant before trial will not be permitted, on the ground that it is necessary for plaintiff "in order to properly prepare for trial."

 [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. &⇒36.]

Appeal from City Court of New York, Special Term.

Action by Leopold Sutro against the Rubber Trading Company. From an order denying its motion to vacate its examination before trial, defendant appeals. Order reversed, and motion granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Harry D. Nims, of New York City (Clinton Combes and Du Bois Beale, of New York City, of counsel), for appellant.

Chadbourne, Hunt & Jaeckel, of New York City (Albert F. Jaeckel, of New York City, of counsel), for respondent.

BIJUR, J.  [1] So far as material to the present motion, this action may be said to have been brought to recover damages for a delayed delivery by defendant to plaintiff of five tons of rubber, "November (1914) shipment from Brazil." In substance, the defense involved is that it was the known custom of the trade that shipments of rubber from Brazil to New York might be made via London, and that the war had delayed this particular shipment, which had been so made.  ·

---

The examination ordered, and to which defendant objects, is as to the time, manner, and route of the shipment of rubber for defendant during the month of November from Brazil to New York, and the amount of rubber which defendant had on hand in New York during the months of December, 1914, and January, 1915. As to the latter item, there appears to be no reason whatever for an examination of defendant. As to the former, it is quite evident that defendant must prove on the trial that the rubber in question was actually shipped as he claimed. There is no reason why plaintiff should examine him in that respect before trial; indeed, such examination cannot well be conceived of at the present time, except as an anticipatory cross-examination, which, upon familiar principles should not be allowed.

[2] Moreover, although there is a bare statement in the moving affidavit that the examination is to be had "for the purpose of using the same upon the trial," the affidavit is replete with allegations that the examination is necessary for the plaintiff "in order to properly prepare for trial"—a purpose for which it is elementary that an examination will not be permitted.

Order reversed, with $10 costs and disbursements of the appeal, and motion granted, with $10 costs.

PAGE, J., concurs.

SHEARN, J. (concurring). I concur on the ground that no facts are set forth in the affidavit from which it may be inferred that the defendant had on hand in New York during the months of December, 1914, and January, 1915, any quantity of rubber whatever. The apparent purpose of the examination is to ascertain whether the defendant did not have on hand a quantity of rubber; that is to say, whether the plaintiff cannot create a rebuttal to the affirmative defenses. An examination for such a purpose is just as unauthorized as is one to ascertain whether plaintiff had a cause of action. The examination concerning the time, manner, and route of the shipment of rubber is, as characterized by Mr. Justice BIJUR, merely "an anticipatory cross-examination."